STATE of Delaware

v.

Willie G. SULLIVAN, Defendant.

Nos. IK92–01–0192 to IK92–01–
0196, IK92–02–0001 and
IK92–03–0022.

Superior Court of Delaware,
Kent County.

Submitted: Sept. 20, 1999.
Decided: Sept. 20, 1999.

Loren C. Meyers, John Williams, Deputy Attorneys General, Department of Justice, for the State of Delaware.

Joseph A. Gabay, Wilmington, Delaware, Anthony A. Figliola, Jr., Figliola & Facciolo, Wilmington, Delaware, for defendant.

## OPINION

RIDGELY, President Judge.

Defendant Willie G. Sullivan has been sentenced to death for the crime of Murder in the First Degree.[1] Sullivan has moved for a stay of his execution scheduled for September 24, 1999 upon the ground that his petition for commutation of this sentence to life imprisonment is pending before the Board of Pardons and the State has not complied with the 30 day psychological study requirements of 11 Del.C. § 4362(b).[2] He contends this deprives him of his rights to Due Process and Equal Protection as guaranteed by the U.S. and Delaware Constitutions.

Sullivan has been examined by his own mental health expert, Edward J. Dougherty, Ed.D., a New Jersey psychologist on August 23, 1999. Dr. Dougherty's conclusions are consistent with those he made in 1995. Sullivan has also been examined by Dr. James D. Seward, a Delaware psychologist, and Dr. Alexander Zwil, a Delaware psychiatrist on September 1, 1999. There is no allegation that Sullivan is insane, mentally incompetent for execution, or that he suffers from any type of psychological or medical condition that requires a 30 day study. His petition for commutation of his death sentence to life imprisonment is scheduled to be heard before the Board of Pardons tomorrow.

■■■ The Delaware Constitution is silent on the time for filing an application for commutation of sentence. Rule 4 of the Board of Pardons excepts cases of capital punishment from the general rule of at least 30 days notice. The Court reads 11 Del.C. § 4363 to require a particular kind of psychiatric examination, namely one involving "psychological studies for a period of not less than 30 days," prior to consideration of an application for *release* of an incarcerated defendant by means of a pardon or commutation of sentence. The purpose is the protection of the public.[3] Because the release of defendant Sullivan is not immediately at issue, I find Section 4362(b) to be inapplicable. Even if Sullivan's petition before the Board included a request for release, consideration of that request and any examination under 4363 would be premature unless and until there is a commutation of the death sentence in this case. Both Sullivan and the State are free to present evidence of the defendant's psychological or psychiatric condition to the Board. The Board is also free to recommend to the Governor a commutation of Sullivan's sentence to life imprisonment without a Section 4362 report.

■■■ Except for a pending petition for review by certiorari to the U.S. Supreme Court, the judicial process has concluded in this case and a basis to reopen postconviction review or to stay the scheduled execution to permit judicial review has not been presented to this Court. Furthermore, it is settled that because the Constitution imposes no standards constraining the Board of Pardons or the Governor

---

1. The facts of this case are included within the Delaware Supreme Court's Opinion. *See Sullivan v. State,* Del.Supr., 636 A.2d 931 (1994).

2. 11 *Del.C.* § 4362(b) provides:
   Prior to consideration and recommendation for release by means of pardon or commutation of sentence by the Board of Pardons of any person who has been incarcerated for any of the crimes stated in subsection (a) of this section, such person shall be adequately examined by a physician who has practiced in psychiatry; and such person shall undergo adequate psychological studies for a period of not less

than 30 days, within a 5–month period immediately preceding consideration of such person's case by the Board of Pardons. The Director of the Division of Correction may request the Director of the Division of Mental Health and Retardation to cause examination and studies to be made (emphasis added).

3. Under 11 *Del.C.* § 4362(c), the report must include "the psychiatrist's opinion of the probability of such person again committing a crime similar to the one for which the person was incarcerated or of violating any other law of this State."

concerning the grant of clemency, there is no constitutional right or entitlement sufficient to invoke the Due Process Clause.[4] Additionally, since Section 4362 is equally inapplicable to all other capital defendants similarly situated, there is no valid Equal Protection claim. In short, Sullivan has presented no procedural or substantive issue to justify the granting of his motion.

Defendant's motion for stay of execution is *DENIED.*

IT IS SO ORDERED.

---

**4.** *Perry v. Morgan,* 122 F.3d 18, 20 (8th Cir. 1997). *See generally Connecticut Board of* *Pardons v. Dumschat,* 452 U.S. 458, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981).