**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 20-1957
_____

ROBERT SAUNDERS,
            Appellant

v.

LT. GOV. BETHANY A. HALL-LONG, President Board of Pardons;
Hon. JEFFREY W. BULLOCK, Sec. Board of Pardons; Hon. ANDRE G. BOUCHARD,
Member-Board of Pardons;
Hon. COLLEEN K. DAVIS, Member-Board of Pardons;
Hon. KATHLEEN F. MCGUINESS, Member-Board of Pardons;
JACQUELINE PARADEE METTE, Governor's Legal Advisor

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-19-cv-00957)
District Judge:  Honorable Maryellen Noreika

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

October 7, 2021
Before:  MCKEE, GREENAWAY, JR. and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 3, 2021)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Roberts Saunders appeals from the District Court's order dismissing his complaint under 28 U.S.C. § 1915A(b)(1). For the following reasons, we will summarily affirm.

Saunders, a Delaware state inmate serving a sentence of life without parole, filed a complaint pursuant to 42 U.S.C. § 1983 against the President, Secretary, and three members of the Delaware Board of Pardons. The complaint sought damages and injunctive relief for violations of Saunders' equal protection and due process rights, stemming from the denial of a commutation. He alleged generally that the Board employs racially discriminatory practices in commutation cases, and that its decisions are arbitrary and capricious. Construed liberally, the complaint also alleged that, in denying his application for a commutation in 2018, the Board relied on inaccurate evidence, failed to consider pertinent evidence, and denied him the opportunity to appear before it.

After screening the complaint, the District Court dismissed it without prejudice and with leave to amend pursuant to 28 U.S.C. § 1915A(a)(B)(1) and (2). Saunders filed an amended complaint alleging the same allegations against the same defendants and the Deputy Legal Advisor to the Governor of Delaware.[1] The District Court sua sponte dismissed the amended complaint as legally frivolous pursuant to § 1915A(b)(1). Saunders appeals.

---

[1] In contrast to the original complaint, the amended complaint sued the President of the Board of Pardons in her individual, rather than her official, capacity.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise de novo review over the dismissal of a complaint under § 1915A(b)(1).  See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020).

We agree with the District Court that Saunders' due process claims were subject to dismissal.  An inmate has no constitutional or inherent right to the commutation of his sentence under Ohio Adult Parole Authority v. Woodward, 523 U.S. 272, 280 (1998), and Connecticut Board of Pardons v. Dumschat, 452 U.S. 458, 464 (1981), and, as a general rule, clemency or pardon proceedings are ordinarily left to the discretion of the executive and "are rarely, if ever, appropriate subjects for judicial review," Woodward, 523 U.S. at 280.  The Delaware pardon process is a procedure created by the state Constitution.  It gives "the Governor the power to pardon an applicant unconditionally, conditionally, or not at all after receiving a recommendation by the Board of Pardons." Arnold v. State, 49 A.3d 1180, 1182 (Del. 2012).  The state Constitution also creates and empowers a Board of Pardons which makes a recommendation to the Governor.  The recommendation is not binding on the Governor and nothing in the Delaware Constitution or Code restricts the discretion of either the Board or the Governor.  See State v. Sullivan, 740 A.2d 506, 507-08 (Del. Super. Ct. 1999).  Therefore, even if the Board relied on inaccurate information or failed to consider all of the evidence supporting Saunders' application (both of which the Board denies, see ECF No. 16-2 at 13), absent allegations to support his claim that the state acted arbitrarily, Saunders has failed to state a claim for relief.  See Woodard, 523 U.S. at 289 (O'Conner, J., concurring) (recognizing

3

that "some *minimal* procedural safeguards apply to clemency proceedings" which prevent "the state [from] arbitrarily den[ying] a prisoner any access to its clemency process").

The District Court also properly dismissed Saunders' equal protection claim. Saunders, who is African American, alleged that the Board of Pardons employs "regular discriminatory practices" and a "double-standard" for African Americans and Caucasians in the commutation process, and that African-American prisoners serve longer sentences and "have historically [been] denied commutation on life without parole." ECF No 16 at 3-5. Although Saunders compares generally the commutation process of certain African-American and Caucasian prisoners, he fails to sufficiently allege facts from which a court could find that he was "similarly situated" to Caucasian prisoners who were treated differently.[2] See Artway v. Att'y Gen., 81 F.3d 1235, 1267 (3d Cir. 1996) (the Equal Protection Clause "is not a command that all persons be treated alike but, rather, a direction that all persons similarly situated should be treated alike" (quotation marks omitted)); see also Townes v. Jarvis, 577 F.3d 543, 551 (4th Cir. 2009) (noting that the unequal treatment of similarly situated persons is an element of an equal protection claim). That is, he has failed to identify Caucasian prisoners whose crimes, prior

---

[2] As an example of differential treatment based on race, Saunders notes the commutation of Robert J. Martin, a Caucasian prisoner who, like Saunders, was convicted of first-degree murder, but who had also shot someone while trying to escape from custody. The Board of Pardons noted that Martin's and Saunders' cases were "dissimilar in that Mr. Martin was not the actual shooter in the murder case and was actually outside of the residence" when the murder occurred. ECF No. 16-2 at 13.

criminal histories, disciplinary records, and background are similar to his, and whose applications for commutation were approved by the Board. See generally Fuller v. Ga. State Bd. of Pardons & Paroles, 851 F.2d 1307, 1310 (11th Cir. 1988) ("The decision to grant or deny parole is based on many factors such as criminal history, nature of the offense, disciplinary record, employment and educational history, etc. [In order to state an equal protection claim, a prisoner must] show himself to be similarly situated, considering such factors, with any inmates who were granted parole."). Because Saunders failed to allege a facially plausible equal protection claim, the District Court properly dismissed it under § 1915A(b)(1).[3]

Based on the foregoing, we will summarily affirm the District Court's judgment.[4]

---

[3] We need not decide whether the amended complaint was frivolous, as the District Court found, because it was subject to dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim, and we agree with the District Court that any further amendment would be futile. See Dooley, 957 F.3d at 374 (noting that "a claim is frivolous only where it depends on an 'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario") (quotation marks and citation omitted)). The consequences are the same whether the complaint is dismissed as frivolous or for failure to state a claim. See 28 U.S.C. § 1915(e), (g).

[4] Saunders' motions for appointment of counsel and to expedite the appointment of counsel are denied.