# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **CHRISTOPHER DESMOND,** | ) | |
| | ) | |
| **Petitioner,** | ) | **I.D.** 91009844DI |
| | ) | 9411016337 |
| **v.** | ) | |
| | ) | |
| **CONSTITUTIONAL AUTHORITY** | ) | |
| **OF THE BOARD OF PARDONS** | ) | |
| | ) | |
| **Respondent.** | | |

*Submitted:* March 13, 2025

*Decided:* March 19, 2025

## ORDER

*Upon Consideration of Defendant's Motion for Certification of Question of Law*

## DENIED.

This 18th day of March 2025, upon consideration of Defendant's Motion for Certification of Question of Law, it appears to the Court that:

1. On February 10, 2025, Defendant filed the instant Motion for Certification of Question of Law,[1] and on March 4, 2025, Defendant filed an Addendum to the instant Motion.[2] Defendant asks this Court to certify the following question to the Delaware Supreme Court: Whether the Board of Pardons has the constitutional authority to deny a pardon or commutation petition without a

---

[1] ID No. 91009844DI Docket Item ("D.I.") 436 and ID No. 9411016337 D.I. 42.
[2] ID No. 91009844DI D.I. 433 and ID No. 9411016337 D.I. 40.

final decision from the sitting governor?[3]  The State filed their letter in opposition on March 13, 2025.[4]

2. The Motion concerns Defendant's conviction of ten counts of Robbery First-Degree and related offenses for which he was sentenced to seventy-eight years at Level V incarceration.[5]

3. Delaware Supreme Court Rule 41 grants the Superior Court the power to certify to the Supreme Court "for decision a question or questions of law arising in any case before it *prior to the entry of final judgment* if there is an important and urgent reason for an immediate determination."[6]  The Rules allow for certification when (i) "the question of law is of first instance in this State"; (ii) "decisions of the trial courts are conflicting upon the question of law"; and (iii) "the question of law relates to the constitutionality, construction or application of a statute in this State which has not been, but should be, settled by the Court."[7]

4. Superior Court Civil Rule 75 requires the petitioner to establish "facts and issues at such length and with such clarity as to enable the Superior Court to

---

[3] *Id.* p. 1, 4.
[4] ID No. 91009844DI D.I. 438 and ID No. 9411016337 D.I. 44
[5] *Desmond v. State*, 654 A.2d 821 (affirming Desmond's conviction).
[6] Supr. Ct. R. 41(a)(i) (emphasis added).
[7] *Id.* (b)(i)-(iii).

make a finding necessary to warrant a certification under the terms and conditions of Supreme Court Rule 41."[8]

5. This Motion cannot stand procedurally because Defendant's Motion does not instruct the Court on any other reason prompting immediate review of the petitioned question.

6. Notwithstanding the procedural bar, Defendant's Motion still fails because the question presented does not provide an original, conflicting, or unsettled question of law. In fact, the Delaware Constitution bestows the Governor's authority to grant pardons in relation to the Board of Pardon's recommendation. Article 7, Section 1 of the Delaware Constitution provides the following:

> The Governor shall have power to remit fines and forfeitures and to *grant* reprieves, communications of sentence and pardons, except in cases of impeachment; *but no pardon, or reprieve for more than six months, shall be granted, nor sentence commuted, except upon the recommendation in writing of a majority of the Board of Pardons after full hearing*; and such recommendation, with the reasons therefor at length, shall be filed and recorded in the office of the Secretary of State, who shall forthwith notify the Governor thereof.
>
> He or she shall fully set forth in writing the grounds of all reprieves, pardons, and remissions, to be entered in the register of his or her official acts and laid before the General Assembly at its next session.[9]

7. The Board of Pardons was constitutionally established to recommend pardons to the Governor. Those recommendations are meant to include whether a

---

[8] Super. Ct. R. 75.
[9] Del. Const. Art. VII, § 1 (emphasis added).

pardon should be conditional, unconditional, or not given at all. The Governor is not bound to this recommendation and "exercises an independent judgment in all cases."[10] However, to grant a pardon or commutation, the Governor must have a recommendation from the Board.[11]

8. The Governor has "the power to pardon an applicant unconditionally, conditionally, or not at all after receiving a recommendation by the Board of Pardons."[12] The plain language of Article 7, Section 1 allows the Governor to consider a pardon after a Board majority recommends one. However, the language lacks grant of power for the Governor to consider a pardon in which the majority of the Board denies recommending one.

9. The Court agrees with the State's argument that if the Governor was able to consider a pardon without a Board majority's recommendation, then the purpose of the Board would be wiped away. Based on the clear language of the Delaware constitution, a submitted pardon only appears before a sitting governor if a *majority* of the Board of Pardons recommends it. Otherwise, the pardon is not constitutionally required to cross the Governor's desk.

---

[10] *Saunders v. Markell*, 2013 WL 663407, at *2 (D. Del. 2013) (citing *State v. Sullivan*, 740 A.2d 506 (Del. Super. Ct. 1999)).
[11] https://pardons.delaware.gov/
[12] *Arnold v. State*, 49 A.3d 1180, 1182 (Del. 2012) (citing. Del. Const. Art. VII, §§ 1, 2).

10. As the law on Defendant's question is apparent, and Defendant's Motion is procedurally unsound, the Court hereby **DENIES** Defendant's Motion for Certification of Question of Law.

**IT IS SO ORDERED.**

/s/ Francis J. Jones, Jr.

Francis J. Jones, Jr., Judge

cc:    *Original to the Prothonotary*
       Andrew Vella, Deputy Attorney General
       Christopher Desmond, I.D. No. 91009844DI